

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**



| | |
|---|---|
| STEPHEN LEWIS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) |
| NCO GROUP, INC., JOHN DOES 1-10 | ) |
| AND XYZ CORPORATIONS | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

**11   3633**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446, Defendant NCO Financial Systems, Inc. (NCO), by its attorneys, hereby removes this action from the Court of Common Pleas of Montgomery County, Commonwealth of Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.  In support of this Notice of Removal, Defendant NCO states as follows:

1.     Plaintiff, Stephen Lewis originally commenced this action by filing a Complaint against Defendants, NCO Financial Systems, Inc., NCO Group, Inc., John Does 1-10 and XYZ Corporations in the Court of Common Pleas of Montgomery County, Commonwealth of Pennsylvania, where it is presently captioned as *Stephen Lewis v. NCO Financial Systems, Inc., NCO Group, Inc. and John Does 1-10,* Docket No.: 11-12387.  Defendants, NCO Financial Systems, Inc. and NCO Group, Inc. have answered the complaint.  No further proceedings before the State court have occurred.

2.     In the Complaint, plaintiff alleges statutory causes of action against Defendant, NCO. A true and correct copy of Plaintiff's Complaint is attached hereto as Ex. "A."

3.     Plaintiff alleges Defendant NCO left one or more voicemail messages for plaintiff "without meaningful disclosure of the caller's identity," a claim which is founded upon the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692d(6).

4.     Plaintiff provided defendant NCO with his Complaint on or about May 12, 2011.

5.     This Court has federal question jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §§ 1331 and 1441(b) in that the claims are "founded on a claim or right arising under the . . . laws of the United States . . ."

6.     To the extent Plaintiff maintains any claims pursuant to state law, which claims Plaintiff did not expound upon, this Court has supplemental jurisdiction over all state claims, pursuant to 28 U.S.C. §1441(c).

7.     This Notice of Removal is timely, having been filed within thirty (30) days of the date on which the defendant was served with Plaintiff's Complaint. *See* 28 U.S.C. § 1446.

8.     Written notice of this Notice of Removal of this action is being immediately provided to the Court of Common Pleas of Montgomery County, Commonwealth of Pennsylvania. *See* Ex. "B."

9.     NCO Group, Inc. consents to the Removal of this action.

10.     Written notice of this Notice of Removal of this action is being caused to be served on counsel for the plaintiff.

WHEREFORE, Defendant NCO Financial Systems, Inc. gives notice that this action is removed from the Court of Common Pleas of Montgomery County, Commonwealth of Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Dated: June 2, 2011.

_____
Aaron R. Easley, Esq. (73683)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Phone: (908) 751-5940
Fax: (908) 751-5944
aeasley@sessions-law.biz
Attorney for Defendants,
NCO Financial Systems, Inc. and
NCO Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June 2011 a copy of the foregoing **Notice of Removal** was sent via Federal Express to the Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, and via regular mail to counsel for plaintiff at the below address:

Vicki Piontek, Esq.
Bar ID No. 83559
951 Allentown Road
Lansdale, PA 19446
Tel: 877-737-8617
Fax: 866-408-6735
palaw@justice.com
Attorney for Plaintiff

FILED

JUN   2011

Dep. Clerk

By

By: _____
Aaron R. Easley, Esq.
Attorney for Defendants
NCO Financial Systems, Inc. and
NCO Group, Inc.

EXHIBIT "A"

Supreme Court of Pennsylvania

Court of Common Pleas

Civil Cover Sheet

Montgomery _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: 11-12387 | TIME STAMP |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
☐ Complaint          ☒ Writ of Summons          ☐ Petition
☐ Transfer from Another Jurisdiction          ☐ Declaration of Taking

**Lead Plaintiff's Name:**
Stephen Lewis

**Lead Defendant's Name:**
NCO Financial Systems, Inc; NCO Group, Inc

**Are money damages requested?** ☒ Yes ☐ No

**Dollar Amount Requested:** (check one)
☐ within arbitration limits
☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☒ Yes ☐ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Vicki Piontek, Esquire
☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability *(does not include mass tort)*
☐ Slander/Libel/Defamation
☒ Other:
15 USC 1692 et. seq.

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other

☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other

☐ Other:

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other

☐ Zoning Board
☐ Other:

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other:

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | |
|---|---|
| Stephen Lewis | : |
| c/o Piontek Law Office | : |
| 951 Allentown Road | : |
| Lansdale, PA 19446 | : |
| ( On Behalf of Himself and Those Similarly | : |
| Situated), | : |
| v. | : |
| Plaintiff | : |
| NCO Financial Systems, Inc. | : |
| 507 Prudential Road | : |
| Horsham, Pennsylvania, 19044 | : |
| and | : |
| NCO Group, Inc. | : |
| 507 Prudential Road | : |
| Horsham, Pennsylvania, 19044 | : |
| and | : |
| John Does 1-10 | : |
| and | :     Jury Trial Demanded |
| XYZ Corporations | : |
| Defendant(s) | : |

**NOTICE**

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

NORTH PENN LEGAL SERVICES
65 East Elizabeth Avenue, Suite 800, Bethlehem, PA 18018
(610) 317-5308
Web Site: http://www.northpennlegal.org

Montgomery County Legal **Aid Services**
625 Swede Street, Norristown, PA 19401
610-275-5400

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Stephen Lewis
c/o Piontek Law Office
951 Allentown Road
Lansdale, PA 19446
( On Behalf of Himself and Those Similarly
Situated),
v.

           Plaintiff

NCO Financial Systems, Inc.
507 Prudential Road
Horsham, Pennsylvania, 19044
and
NCO Group, Inc.
507 Prudential Road
Horsham, Pennsylvania, 19044
and
John Does 1-10
and
XYZ Corporations

        Defendant(s)

11 - 12387

Jury Trial Demanded

# <u>COMPLAINT</u>

## INTRODUCTION

1.  This is a class action lawsuit for damages brought by an individual consumer for
    Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C.
    1692, et seq. (hereinafter "FDCPA").

2.  Plaintiff brings this action against Defendant(s) for engaging in a systematic scheme to
    deprive Pennsylvania Consumers of their rights under the FDCPA.



3. Defendant(s)' scheme involved, contacting consumers throughout Pennsylvania, and leaving a particular voicemail messages on said consumers' answering machines or voicemail messaging systems. The particular messages left by Defendants had the affect of violating the provisions of 15 USC 1691g of the FDCPA and by failing to make proper disclosures in such messages as required by the FDCPA.

4. The claims of Plaintiff and the Class are individual claims for violations of federal law described herein.

5. These claims arise from Defendant(s)' systematic unlawful collection activity against Pennsylvania consumers.

6. The named Plaintiff(s) are individual consumers who received a particular type of telephone voicemail message from Defendant while Defendant was attempting to collect on a consumer debt against Plaintiff. The voicemail message is described in this complaint.

## JURISDICTION AND VENUE

7. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

8. Venue is proper in this county under Rule 2179 of the Pennsylvania Rules of Civil Procedure because Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania in general and within ******* County in Pennsylvania.

9. Venue is proper in this urisdiction because a substantially portion of the conduct complained of occurred in this jurisdiction.

## PARTIES

10. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

11. Plaintiff is Stephen Lewis, an adult individual with a current address in Montgomery County, Pennsylvania, on behalf of himself and those similarly situated Plaintiffs.

12. Defendants are the following individuals and business entities.

    a.     NCO Financial Systems, Inc., 507 Prudential Road, Horsham, Pennsylvania, 19044.

    b.     NCO Group, Inc., 507 Prudential Road, Horsham, Pennsylvania, 19044.

    c.     John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

    d.     X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

## COUNT ONE: Violation of Fair Debt Collection Practices Act
### 15 USC 1692 et. seq.

13. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

14. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

15. At all relevant times in this Complaint, Defendant(s) was / were acting as a debt collector(s) as defined by the FDCPA, 15 USC 1692 et. seq.

16. At all times mentioned herein, Defendant(s) was / were attempting to collect on an alleged consumer debt against Plaintiff.

17. Within the applicable statute of limitations, prior to the commencement of this action, Defendant contacted Plaintiff by telephone and left one or more voicemail messages which read substantially as follows.

> *"This message is for Steven Lewis, my name is Brittany calling from NCO Financial Systems, please return my call today at: 888-899-4780 and extension 4497. When returning the call the reference ID is opposite the end 656 again the phone number is: 888-899-4780. Thank you."*

18. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the per se violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

19. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these per se violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

20. The above referenced voicemail message(s) was / were a communication as defined by 15 USC 1692(a)(2). See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006. See GRYZBOWSKI v. I.C. SYSTEM, INC 3:CV-08-1884, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA *(2010).*

21. Every telephone message left by a debt collector must give meaningful disclosure of the debt collector's identity, as well as state that the purpose of the call is to collect a debt. See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006.  See GRYZBOWSKI v. I.C. SYSTEM, INC 3:CV-08-1884, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (2010).

22. The above referenced message(s) violated the FDCPA for reasons including but not limited to the following.

    a.    The telephone call was placed without disclosure that the call was from a debt collector.

    b.    The telephone call was placed without meaningful disclosure of the nature and purpose of the call.

## LIABILITY

23. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

24. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

25. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

26. Any mistake made by Defendant would have included a mistake of law.

27. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## CLASS ALLEGATIONS

28. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint .

29. Plaintiff brings this case as a class action pursuant to Pennsylvania Rules of Civil Procedure 1701, *et seq.*, or in the alternative, Federal Rule of Civil Procedure 23, on behalf of a Class consisting of members who meet the following criteria.

    a.    Consumers within the meaning of the FDCPA.

    b.    Received the same or substantially similar telephone message(s) described in this complaint from Defendant(s) within the applicable period of limitations prior to the commencement of this action.

30. Excluded fro the class are Plaintiff's attorney, the attorney's family member and the attorney's employees and business associates.

31. Plaintiff reserves the right to redefine the class following discovery and as the Court permits.

32. Plaintiff believes that there are several victims of Defendant(s) aforementioned collection activity, and that members of the Class are so numerous that joinder of all members is impractical.

33. Plaintiff's claims are typical of the claims of the Class members because they received the same type of collection telephone message from Defendant(s) that Plaintiff received from Defendant(s).

34. Plaintiff will fairly and adequately protect the interests of the Class members.  Plaintiff has retained counsel competent and experienced in consumer law, and capable of familiarizing herself with class action litigation practice and procedure.

35. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to plaintiff and the Class are the following.

a. Were the accounts referred to in the telephone messages left for Plaintiffs *consumer debts* as defined by the FDCPA?

b. Are the Plaintiffs consumer debtors as defined by the FDCPA?

c. Was / were Defendant(s) acting as a debt collector as defined by the FDCPA  at the time that the telephone messages were left by Defendant?

d. Was / were the telephone message(s) *communications* as defined by the FDCPA?

e. Did the telephone message(s) sent to Plaintiff and other similarly situated Plaintiffs by Defendant(s) fail to make required disclosures as mandated by the FDCPA?

f. Did the telephone message(s) left by Defendant violate the FDCPA, 15 USC 1692 et. seq.?

36. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

37. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

38. The Class is readily identifiable from the Defendant(s)' records.

39. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for defendants.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical.

41. The amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

42. Without a class action, Defendant(s) will likely retain the benefit of its wrongdoing.

43. Without a class action, Defendant(s) will likely continue a course of action, which will result in further damages to Plaintiff and members of the Class.

## DAMAGES

44. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

45. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

46. $1,000.00 statutory damages for the named Plaintiff as the class representative under the FDCPA 15 USC 1692k.

47. $1,000.00 statutory damages for each additional Plaintiff under the FDCPA 15 USC 1692k.

48. Plaintiff suffered frustration, confusion and emotional distress as a result of Defendant's illegal collection activity.

49. Plaintiff believes and avers that such frustration, confusion and emotional distress has a Dollar value to be proven at trial.

## ATTORNEY FEES

50. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

51. Attorney fees of $1,400.00 at a rate of $350.00 per hour, enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client. | 1 |
| b. | Drafting of writ and related documents | .25 |
| c. | Research on Defendant | 1 |
| | Drafting, editing, review and filing of complaint | 1 |
| d. | Follow up with Defendant | .5 |
| e. | Service of process and filing of service | .25 |

4 x $350 = $1,400.00

52. Plaintiff's attorney fees continue to accrue as the case move forward.

53. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

54. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

55. Plaintiff seeks injunctive relief barring further unlawful collection activity.

56. Plaintiff believes and avers that Plaintiff is entitled to a reasonable plaintiff incentive fee for representing the class in this action, in an amount no less than $5,000.00.

57. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

## JURY TRIAL

58. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

59. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $7,401.00 for the names plaintiff as enumerated below.  Plaintiff seeks such other relief as the Court deems just and proper.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,400.00 attorney fees

$5,000.00 plaintiff incentive fee

---

$7,401.00

Plaintiff seeks additional actual damages and statutory damages and attorney fees for the class also.  Plaintiff seeks such additional relief as the Court deems just and proper upon certification of the class.

Vicki Piontek                5 - 3 - 20 11
_____      _____
Vicki Piontek, Esquire       Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | |
|---|---|
| Stephen Lewis | : |
| c/o Piontek Law Office | : |
| 951 Allentown Road | : |
| Lansdale, PA  19446 | : |
| ( On Behalf of Himself and Those Similarly | : |
| Situated), | : |
| v. | : |
| Plaintiff | : |
| NCO Financial Systems, Inc. | : |
| 507 Prudential Road | : |
| Horsham, Pennsylvania, 19044 | : |
| and | : |
| NCO Group, Inc. | : |
| 507 Prudential Road | : |
| Horsham, Pennsylvania, 19044 | : |
| and | : |
| John Does 1-10 | : |
| and | :          Jury Trial Demanded |
| XYZ Corporations | : |
| Defendant(s) | : |

## VERIFICATION

I, Stephen Lewis, have read the attached complaint.  The statements contained therein are true
and accurate to the best of my knowledge, understanding and belief.


_____          May 3, 2011
Stephen Lewis                          Date

EXHIBIT "B"



THE SESSIONS FIRM
# SESSIONS
# FISHMAN
# NATHAN &
# ISRAEL L.L.C.
ATTORNEYS AT LAW

AARON R. EASLEY
Direct: (908) 751-5940
aeasley@sessions-law.biz

June 2, 2011

<u>VIA FEDERAL EXPRESS</u>

Clerk of the Court
Common Pleas of Montgomery County, PA
Montgomery County Courthouse
Department of Prothonothary
Airy and Suite Streets
Norristown, PA 19401

Re:   *Stephen Lewis v. NCO Financial Systems, Inc.; NCO Group, Inc., et al.*
       **County of Montgomery, Commonwealth of Pennsylvania, Case No.: 11-12387**

Dear Sir/Madam:

SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC represents Defendants, NCO Financial Systems, Inc. and NCO Group, Inc., in the above-referenced action. I enclose the following for filing:

- An original and one copy of defendant NCO Financial Systems, Inc's Notice of Filing of Notice of Removal to the United States District Court, Eastern District of Pennsylvania;
- This law firm's check in the amount of $6.00.

I would appreciate it if you would forward to me in the enclosed, pre-stamped, self-addressed envelope a filed-stamped copy of all pleadings.

Thank you for your attention to this matter.

Very truly yours,

Aaron R. Easley

ARE:ked
Enclosures
cc: Vicki Piontek, Esq. (w/encls., via Regular Mail)

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
(908) 751-5797
fax (908) 751-5944
Attorneys for Defendants NCO Financial Systems, Inc.
and NCO Group, Inc.

| | |
|---|---|
| STEPHEN LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br>NCO GROUP, INC., and JOHN DOES 1-<br>10, and X,Y,Z CORPORATIONS,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS OF<br>MONTGOMERY COUNTY,<br>PENNSYLVANIA<br>CIVIL ACTION-LAW<br><br><br>11-12387<br><br>NOTICE OF FILING OF<br>NOTICE OF REMOVAL TO THE<br>UNITED STATES DISTRICT COURT,<br>EASTERN DISTRICT OF<br>PENNSYLVANIA |

TO:   Clerk of the Court
      Common Pleas of Montgomery County, PA
      Montgomery County Courthouse
      Department of Prothonotary
      Airy and Suite Streets
      Norristown, PA 19401

      Vicki Piontek, Esq.
      Bar ID No. 83559
      951 Allentown Road
      Lansdale, PA 19446
      Tel: 877-737-8617
      Fax: 866-408-6735
      palaw@justice.com
      Attorney for Plaintiff

PLEASE TAKE NOTICE that this action has been removed to the United States District Court for the Eastern District of Pennsylvania.  Attached hereto as Exhibit "1" is a copy of the Notice of Removal filed in the United States District Court effecting such removal.

PLEASE TAKE FURTHER NOTICE that in accordance with 28 U.S.C. § 1446(d), the Court of Common Pleas of Montgomery County, Pennsylvania shall proceed no further in this action unless and until the action is remanded by the United States District Court for the Eastern District of Pennsylvania.

Dated:  June 2, 2011

Respectfully submitted,

_____

Aaron R. Easley, Esq. (73683)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Phone: (908) 751-5941
Fax: (908) 751-5944
aeasley@sessions-law.biz
Attorney for Defendants
NCO Financial Systems, Inc., and
NCO Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June 2011 a copy of the foregoing **Notice of Filing of Notice of Removal to the United States District Court for the Eastern District of Pennsylvania** was served by Federal Express upon the Clerk of the Court and via regular mail upon counsel for plaintiff:

Clerk of the Court
Common Pleas of Montgomery County, PA
Montgomery County Courthouse
Department of Prothonothary
Airy and Suite Streets
Norristown, PA 19401

Vicki Piontek, Esq.
Bar ID No. 83559
951 Allentown Road
Lansdale, PA  19446
Attorney for Plaintiff
877-737-8617
palaw@justice.com
Fax: 866-408-6735

By:    _____
Aaron R. Easley, Esq.
Attorney for Defendants
NCO Financial Systems, Inc. and
NCO Group, Inc.

3